

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Modified by O-6662
~~[illegible handwriting]~~

Honorable Taylor Carlisle
Criminal District Attorney
Kaufman County
Kaufman, Texas

Dear Sir:                    Attention:  Hon. Fred V. Meridith,
                                        Assistant Criminal District
                                        Attorney.

                        Opinion No. O-5209
                        Re:  Can the Board of Supervisors of a
                             Levee Improvement District contract
                             with an attorney for the collection
                             of their delinquent taxes without
                             the approval of such contract by the
                             Attorney General?  And related ques-
                             tions.

            This is in reply to your letter of recent date,
in which you request the opinion of this department upon the
question of whether the Board of Supervisors of a Levee Im-
provement District may proceed to contract with an attorney
for the collection of their delinquent taxes without the
approval of such contract by the Attorney General, and
related questions.  In connection with your request you
have furnished us with a copy of the judgment of the Dis-
trict Court, in which said judgment the Board of Supervisors
of Kaufman County Levee Improvement District No. 4 is ordered
to proceed with the collection of its delinquent taxes.

            For the sake of convenience in answering your
request we have regrouped and numbered your questions.  So
regrouped and numbered, the two questions read as follows:

            1. "Can the Board of Supervisors of a Levee Im-
provement District safely proceed in the collection of
their delinquent taxes in either of two ways:  under
the statute providing for the collection of State and
county taxes that are delinquent — or

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Taylor Carlisle, page 2


2. "Strictly under the provisions of Article
8017 — accordingly as they may desire to proceed?"

Article 8018 was enacted in 1925 by the 39th
Legislature of Texas, and said article provides as follows:

"Tax collectors of levee improvement districts
shall perform all duties and exercise all powers in
respect to delinquent taxes due levee improvement
districts as may be provided by law for the collection
of delinquent State and county taxes, and the collection
of such delinquent levee improvement district taxes and
sales of property therefor shall be governed by the
laws applying to the collection of delinquent State and
county taxes and foreclosure decree therefor shall in-
clude writ of possession. The supervisors are also
given the power and authority to collect such delinquent
taxes, and to institute and prosecute suits in the name
of the district for their collection; and such districts
are also authorized to do and perform all other things
that may be necessary for the collection of such taxes.
Taxes levied under this law shall be a first and prior
lien upon all property against which they are assessed,
and shall be payable and shall mature and become delin-
quent as provided by law for State and county taxes."

Article 1060a, Vernon's Annotated Texas Statutes,
enacted in 1935 by the 44th Legislature, reads as follows:

"That all of the provisions of Title 122, of the
Revised Civil Statutes of Texas, of 1925, be, and the
same are made available in so far as same may be appli-
cable and necessary to all school districts and municipal
corporations organized under any general or special law
of this State and which have power and authority to levy
and collect their own taxes, and that each of such cor-
porations shall have the benefit of all liens and remedies
for the security and collection of taxes due them as is
provided in said Title in the case of taxes due the State
and County."

We regard said Article 1060a as cumulative of
Article 8018, above quoted.

Honorable Taylor Carlisle, page 3

Among the provisions of Title 122, so made available to levee improvement districts for the collection of their delinquent taxes, are Articles 7328 and 7345b of Vernon's Annotated Texas Civil Statutes.

Said Articles 7328 and 7345b are set out at length in the statutes and are readily accessible to you; no useful purpose would be served by setting same out at length in this opinion.

In addition to the two foregoing methods available under the provisions of Title 122, there is a third method available. It is set forth in Article 8017, Vernon's Revised Civil Statutes of Texas, Annotated, and is also readily accessible to you.

From the foregoing it follows that a levee improvement district desiring to collect its delinquent taxes has available to it, at its option, either one of three methods, and that it may safely proceed in the collection of its delinquent taxes in following either one of three methods set out by the statutes of Texas.

We next set out questions Numbers 3 and 4:

3. "With regard to the court costs of such suits for the collection of such delinquent taxes owing to the district, are the fees of the officers of the court limited in this kind of case as they are in Article 7332?

4. "Would the District be exempt from liability for such fees as costs, as are the State and County under Article 7333?"

You are advised that if the district desires to and does proceed under Article 8017, then Articles 7332 and 7333, Vernon's Annotated Statutes of Texas, are not applicable, and the district will be subject to the same costs of court as is any ordinary litigant.

In order to determine whether the district is entitled to the benefits provided in Articles 7332 and 7333, where the suit is brought as a State and county suit would be brought, we must first determine whether the two statutes are applicable.

Honorable Taylor Carlisle, page 4

(We except from the discussion of these two questions, however, the question of the fees allowed a county or district attorney by Article 7332, as this matter will be taken up in connection with another point.)

Article 7337, V. A. C. S. of Texas, reads as follows:

"Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter. (Chapter 10, Title 122)" (Parenthetical matter added)

We have previously quoted Article 1060a, which also bears on the powers and rights of cities, towns and independent school districts in the collection of delinquent taxes. In view of Articles 1060a, 7337, and 7343, we believe that a levee improvement district is in an analogous position to that of a city, town or independent school district. Turning to the case law on this subject we find the District Clerk is entitled only to the fees set forth in Article 7332 in a delinquent tax suit by a city, town or independent school district. See Duclos v. Harris County, (Comm. App.) 298 S. W. 417; Republic Ins. Co. v. Highland Park Ind. School District, 57 S. W. (2d) 627, writ of error refused; Sour Lake Ind. School District v. Easterling, 142 S. W. (2d) 237, writ of error refused. These same authorities support the proposition that Article 7332 also applies in such cases.

Bearing in mind the exception to the above discussion, you are advised Articles 7332 and 7333 are applicable to a delinquent tax suit brought by the district if the State and county collection method above outlined is used.

We next quote your questions Numbers 5 and 6:

5. "Can the Board of Supervisors of a Levee Improvement District proceed to contract with an attorney for the collection of their delinquent taxes without the approval of such contract by the Attorney General?

6. "Is the compensation to the attorney in such a contract subject to the limitation of 15%?"

Honorable Taylor Carlisle, page 5

Article 7335, Vernon's Annotated Statutes of Texas, allows the Commissioners' Court to contract with any competent attorney to enforce or assist in enforcing the collection of delinquent State and county taxes under prescribed conditions. Article 7335a, V. A. C. S. of Texas, sets the maximum compensation of said attorney at 15 per cent of the amount collected and further provides that the contract must be approved by both the Comptroller and the Attorney General of the State of Texas.

In order to settle the question of the applicability of these statutes to your questions, we again must refer to the analogous decisions in delinquent tax suits brought by cities, towns and independent school districts. Bell v. Mansfield Ind. School District, 129 S. W. (2d) 629, deals with the validity of a contract between an independent school district and a private attorney, where the compensation provided was 20 per cent of the amount collected. The court held the portion of Article 7335a, providing for the approval of tax contracts entered into by the Commissioners' Courts by the State authorities named, not applicable to delinquent tax contracts entered into by independent school districts. The court reasoned that the State has a direct interest in the collection of State and county taxes, whereas it has no such direct interest in the collection of delinquent taxes of independent school districts.

Applying that reasoning of the Supreme Court to the instant situation, we conclude that the Board of Supervisors is not required to submit their delinquent tax contract for the approval of the Comptroller and Attorney General. Your question No. 5 is therefore answered in the affirmative, if the district proceeds to collect its taxes by the State and county method hereinbefore outlined.

We also answer question No. 5 in the affirmative if the district proceeds under Article 8017. Section (h) of Article 8017 provides for the employment of an attorney, and there is no provision for the approval of such contract by any State authority.

We next consider question No. 6 set out above. Article 7335a has no application to suits brought under Article 8017; however, a more difficult question is presented in the event the district chooses the State and county collection method.

Honorable Taylor Carlisle, page 6

The case of City of South Houston v. Dabney,
132 Tex. 96, 120 S. W. (2d) 436, seems to be more nearly
in point on this problem than other authorities. The
court construed Article 7343 with respect to its applica-
tion to a city's delinquent tax contract providing for a
25 per cent compensation to the attorney. The court held
that although the last portion of Article 7343 was suffi-
ciently broad to embrace any authority provided by some
other statute for the employment and compensation of an
attorney for the collection of State and county taxes,
still the compensation of a tax attorney for the city
was specifically set out in said article and must control.
We construe the foregoing language as meaning that Articles
7335 and 7335a are applicable to suits by cities, but that
where certain fees are specifically provided, the specific
provisions must control over the general. (See also Bell v.
Mansfield Ind. School District, supra.)

It is our opinion that the 15 per cent limita-
tion must apply to the delinquent tax contracts entered
into by levee improvement districts, when the State and
county method is used. The fact that Article 1060a makes
"available" for the various taxing bodies the provisions
of Title 122 does not mean that a taxing body may avail
itself of some applicable statutes and refuse to be bound
by other applicable statutes in said title.

We next set out question No. 7, which reads
as follows:

7. "In your prescribed form of contract for the
collection of delinquent State and county taxes, I note
that one of the requirements in connection with the
attorney making the contract is that 'he has no official
connection with any county office within said county.'
Would there be anything objectionable in the Board of
Supervisors of a Levee Improvement District making a
contract for the collection of their delinquent taxes
with an attorney who held the position of assistant
county attorney?"

Article 5563, Revised Statutes of 1911, author-
ized the county attorney to represent levee improvement
districts. Under the present law it is not the duty of the

Honorable Taylor Carlisle, page 7

county attorney to represent the levee improvement districts in suits for the collection of delinquent taxes. Such representation on his part in suits brought under Article 7345b, Title 122, would be incompatible with his duties as county attorney, as set out in Article 7335. By that article even though he does not represent the county in a tax suit, he must actively assist the person with whom the tax contract is made, and who does actively represent the county in such suit. You will also note that by reason of the provisions of Article 7345b, the impleaded taxing units are parties defendant, and of course have the right to question the cause of action asserted by the plaintiff or any other impleaded unit. It is plain that the county attorney may not represent the levee district in a suit brought under Article 8017, it being unreasonable to presume that the form of remedy determined upon by the levee improvement district supervisors, acting under the advice of their attorney, would determine whether or not the county attorney's employment would or would not be incompatible. We believe it to be easily apparent that in a case where the county attorney could not represent the levee improvement district by reason of his official status as county attorney, that the assistant county attorney appointed by him would be equally disqualified.

Your question No. 8 reads as follows:

8. "If the taxes delinquent are several times the value of the land against which they are levied and assessed, can the land be sold at judicial sale after foreclosure for a less amount than the total taxes, penalty, interest, attorney's fees and costs?"

If the suit is brought under the provisions of Article 8017, the property may be sold for any sum that it may bring. No limitation as to the sale price is set by Article 8017.

If the State and county collection method is used, the provisions of Article 7345b will govern. Section 5 of said act, as amended in 1941, provides as follows:

"Upon the trial of said cause the Court shall hear evidence upon the reasonable fair value of the property, and shall incorporate in its judgment a finding

Honorable Taylor Carlisle, page 8

of the reasonable fair value thereof, in bulk or in parcels, either or both, as the Court may deem proper, which reasonable fair value so found by the Court is hereafter sometimes styled 'adjudged value,' which 'adjudged value' shall be the value as of the date of the trial and shall not necessarily be the value at the time the assessment of the taxes was made; provided, that the burden of proof shall be on the owner or owners of such property in establishing the 'fair value' or adjudged value as provided in this section."

Section 8 of said act reads as follows:

"No property sold for taxes under decree in such suit shall be sold to the owner of said property, directly or indirectly, or to anyone having an interest therein, or to any party other than a taxing unit which is a party to the suit, for less than the amount of the adjudged value aforesaid of said property or the aggregate amount of the judgments against the property in said suit, whichever is lower, and the net proceeds of any sale of such property made under decree of court in said suit to any party other than any such taxing unit shall belong and be distributed to all taxing units which are parties to the suit which by the judgment in said suit have been found to have tax liens against such property, pro rata and in proportion to the amounts of their respective tax liens as established in said judgment, but any excess in the proceeds of sale over and above the amount necessary to defray the costs of suit and sale and other expenses hereinabove made chargeable against such proceeds, and to fully discharge the judgments against said property, shall be paid to the parties legally entitled to such excess."

We consider that the quoted sections are clear and unambiguous and the foreclosure sale should be had in accordance with said sections. We are aware of the holding in Danciger v. State, 166 S. W. (2d) 914, but the Supreme Court in that case was not dealing with Article 7345b.

Honorable Taylor Carlisle, page 9

Question No. 9 reads as follows:

9. "If the District must bid in the land for the amount of such taxes, etc., and therefore receive no collection of money, can the attorney who has the contract for the bringing of such suits for such taxes contract for a percentage or undivided interest in the land as his commission or fee?"

If the State and county collection method is used, the compensation must be in accordance with Article 7335a, as Section 2 thereof provides "any contract made in violation of this act shall be void."

Section (h) of Article 8017 reads as follows:

"The board of supervisors shall have the power to employ attorneys for the purpose of collecting such delinquent taxes, paying such attorneys for their services such fees or commissions as to the supervisors may seem proper."

In our opinion the phrase "paying such attorneys for their services such fees or commissions as to the supervisors may seem proper," only can mean that a monetary consideration be paid the attorney employed. Although normally the word "fees" might include a contingent interest in land, the context in which the word is used here does not permit us to give it the broader meaning.

You are therefore advised that the District's contract should provide for a money fee or commission rather than an undivided interest in land which it might acquire as a result of foreclosing its delinquent tax liens.

In accordance with your request we are enclosing a copy of the latest revised contract for the collection of delinquent State and county taxes.

We trust the foregoing answers your questions satisfactorily.

APPROVED MARCH 22, 1943

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By
George P. Blackburn
Assistant

Yours very truly

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

GPB:AMM

ENCLOSURE